**Gurpreet KHURANA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–71225.

Agency No. A95–414–664.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2005.\*\*

Decided June 8, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monica N. Ganjoo, Esq., Ganjoo Law Office, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., and Mark C. Walters, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges. ·

### MEMORANDUM ***

Gurpreet Khurana, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of her requests for asylum, withholding of removal, relief under the Convention Against Torture (CAT), and the IJ's finding that Khurana filed a frivolous asylum application. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's determination unless the evidence compels a contrary result. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

■ Substantial evidence supports the adverse credibility finding. As one material example, there is an inconsistency between Khurana's testimony that she was arrested and raped in India in March 1999, and her passport which indicated that she was not in India at this time. If one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of a claim of persecution, we are bound to ac-

cept the negative credibility finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). The record does not compel the conclusion that Khurana's testimony was credible. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143–44 (9th Cir.2004). Accordingly, Khurana failed to establish eligibility for asylum or withholding of removal. *See id.*

■ Substantial evidence supports the conclusion that Khurana is not entitled to relief under the CAT because she did not demonstrate that it is more likely than not that she would be tortured upon return to India if she is deported. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

■ Substantial evidence supports the IJ's finding that Khurana filed a frivolous application containing deliberate fabrications under 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 208.20, and is thus permanently ineligible for any immigration benefit. Khurana was given an adequate opportunity to explain the inconsistencies pointed out by the IJ before the IJ's frivolousness finding was made. The BIA reviewed the record and additionally considered evidence from Khurana's neurologist regarding Khurana's claimed memory loss. Khurana had ample opportunity to explain the several inconsistencies that led to the finding of frivolousness. *See Farah v. Ashcroft*, 348 F.3d 1153, 1158 (9th Cir.2003). The record does not compel us to reverse this finding.

### PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.